**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FRANCIS M. COLLINS,
Plaintiff-Appellant,

v.

No. 94-1543

WILSON COUNTY BOARD OF
EDUCATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CA-92-455-5-BO)

Argued: February 1, 1996

Decided: May 2, 1996

Before NIEMEYER and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** David Peter Voerman, VOERMAN & CARROLL, P.A.,
New Bern, North Carolina, for Appellant. David Stanley Orcutt,
ROSE, RAND, ORCUTT, CAULEY, BLAKE & ELLIS, P.A., Wil-
son, North Carolina, for Appellee. **ON BRIEF:** Susan K. Ellis,
ROSE, RAND, ORCUTT, CAULEY, BLAKE & ELLIS, P.A., Wil-
son, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

When Francis Collins' supervisory position in the Wilson County, North Carolina, school system was eliminated in the summer of 1991 due to a lack of funding, he applied for a vacant assistant principal position under a policy that reassigns employees affected by a reduction in staff. While Collins became one of three finalists for the assistant principal position, the Wilson County Board of Education selected Mildred Summerville, a black female, for the position. Collins was reassigned to a position as a social studies teacher.

Collins sued the Wilson County School Board, contending, among other things, that the School Board did not appoint him to the assistant principal position because he was white, in violation of Title VII of the Civil Rights Act of 1964 and that his assignment to the position of teacher constituted an unlawful demotion under North Carolina General Statute § 115C-325(e). Following a bench trial, the district court found against Collins on all claims. On appeal, Collins challenges the district court's factual findings on both the Title VII race discrimination claim and the demotion claim. For the reasons that follow, we affirm.

I

Collins contends that the district court clearly erred in finding that race was not a determining factor in the School Board's decision to appoint Summerville and not him to the assistant principal position. The district court's finding that the School Board did not discriminate against Collins is a factual one and must not be disturbed on appeal unless clearly erroneous. See Pullman-Standard v. Swint, 456 U.S. 273, 287-89 (1982) (ultimate issue of discrimination is one of fact, subject to clearly erroneous review).

2

Upon review of the record, we conclude that the evidence in this case amply supports the district court's factual determination that the School Board's decision to appoint Summerville was not based on any racial factor but was based on the candidates' merits. Of the three candidates considered for the position, Collins scored the lowest on the interview. He was the only candidate to receive a score as low as three out of five for "enthusiasm." The principal who interviewed the candidates testified that during his interview, Collins seemed "very dejected" over the elimination of his former position and he spent nearly half of the interview discussing his distress. The principal also observed that Collins' prior experience as coordinator of an alternative school program "probably hurt him" because he had spent so many years in a "nontraditional setting . . . dealing with very small numbers of students at a time." On the other hand, Summerville received the highest score during her interview, articulating a vision for the school that involved curriculum alignment. Summerville also served as an assistant principal in the recent past. The district court concluded that the reasons given by the School Board for hiring Summerville were "sound, neutral, non-discriminatory reasons based on the qualifications of the three applicants who interviewed."

Collins argues that Summerville was in fact unqualified because she did not hold a principal's certificate. The record shows, however, that Summerville served as an assistant principal of a high school for one year, a position that required a principal's certificate. Collins did not call any witness to testify that Summerville did not have a certificate. On the contrary, evidence indicates that the School Board believed that all three candidates whom it interviewed held the minimum qualifications for the position. Thus, the district court's conclusions to that effect are not clearly erroneous.

Finally, Collins contends that the School Board demonstrated a pattern of "racial hiring practices" where one white and one black would hold the position of principal and assistant principal in each school. But the district court, relying on evidence presented at trial, found no such pattern. At the time the assistant principal position was filled, the School Board employed 14 assistant principals in its school system, 5 of whom were black and 9 of whom were white. In addition, the record indicated that not every school in the system had a white principal and a black assistant principal, or vice versa.

3

In short, we conclude that the district court did not clearly err in finding that Summerville was hired solely because the School Board believed that she was the best qualified candidate.

II

Collins also contends that when he was assigned to the position of teacher, after not having secured the position of assistant principal, he was unlawfully demoted from his former supervisory position. He contends that the demotion violated North Carolina General Statute § 115C-325(e). Under that statute "demote" is defined as "reduc[ing] the compensation of a person who is classified or paid by the State Board of Education as a classroom teacher, or to transfer him to a new position carrying a lower salary." N.C. Gen. Stat. § 115C-325(a)(4).

While Collins concedes that his salary was not reduced when he was assigned to the teacher position, he contends that the assignment amounted to a reduction in pay because his previous pay as a coordinator had been miscalculated. Interpreting the plain language of the statute, however, the district court concluded that a demotion occurs only when there is a reduction in the compensation of salary of a person who is classified or paid by the state as a teacher. Collins had been classified and paid as a teacher in his former position as coordinator, and continued to be classified and paid as a teacher in his newly assigned position. Thus, we agree with the district court's finding

> on the uncontroverted evidence that pay was not reduced. Without a reduction in pay there can be no demotion and therefore the plaintiff would not be entitled to recover under the North Carolina statute for backpay as a result of an unlawful demotion.

Accordingly the judgment of the district court is

AFFIRMED.

4